985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Santiago Horacio LANZAS-ALMENDAREZ; Maria Del Socoro
Zapata-Leon; Elias Israel Lanzas-Zapata; Moises Abraham
Lanzas-Zapata; Luciano Guillermo Lanzas-Zapata; Santiago
Francisco Lanzas-Zapata, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70299.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 4, 1993.
 
 Petition for Review of a Decision of the Immigration and Naturalization Service, INS. Ajf-ggg-spz.
 BIA
 REVERSED AND REMANDED.
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Santiago Horacio Lanzas-Almendarez, Maria del Socoro Zapata-Leon and their four children petition this court for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the immigration judge's denial of their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h). The petitioners are all natives and citizens of Nicaragua.
 
 
 3
 The BIA based its dismissal on its determination that there was "no basis to support the respondents' [now petitioners'] contention that they have a well-founded fear of persecution ... or that they have established a claim of past persecution sufficient to merit a grant of asylum relief." The BIA's only stated ground for its determination was the fact, of which it took administrative notice, that "the Sandinista party no longer controls the Nicaraguan government." The BIA did not cite any specific reasons why these particular petitioners had not established a well-founded fear of persecution. Compare Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991) (BIA dismissal affirmed where order cited specific reasons why petitioner had not established well-founded fear of persecution, and where BIA explicitly stated those reasons formed an independent basis for dismissal).
 
 
 4
 The petitioners argue that the BIA's decision is not supported by substantial evidence because the Board simply issued a boilerplate decision noting the change in Nicaragua's government but not considering the petitioners' individual circumstances.
 
 
 5
 We reverse and remand the BIA's decision in light of Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), in which this court held that the BIA improperly took administrative notice of the effect of the change of government in Nicaragua on whether petitioners' fear of persecution was well-founded. As in Castillo-Villagra, the petitioners here "were given no notice or opportunity to be heard regarding whether notice should be taken or whether the political changes in Nicaragua obviated their fear of returning." Id. at 1020. The BIA deprived petitioners of Fifth Amendment due process by denying them the opportunity to rebut the noticed facts. Id. at 1029.
 
 
 6
 We vacate the orders of deportation and voluntary departure, and remand for proceedings at which the petitioners may be heard on the appropriateness of notice and may present evidence concerning the noticed facts.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3